RICHARD BERGER, an Infant, by his Guardian, vs. ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 3, 1888.

Master and Servant—Dangerous Machinery—Negligence of Master —Evidence.—Evidence in an action by a servant against a master for an injury sustained in working with machinery, on the ground of the master's negligence in putting the servant to work where he did not know the danger, and in not instructing him in regard to it, considered, and *held* not to sustain a verdict for the plaintiff

Appeal by defendant from an order of the district court for Ramsey county, *Kelly*, J., presiding, refusing a new trial after a verdict of $5,000 for plaintiff.

*M. D. Grover* and *Flandrau, Squires & Cutcheon*, for appellant.
*O'Brien & O'Brien*, for respondent.

GILFILLAN, C. J.    This is an action for a personal injury, occurring, as is alleged, through the negligence of defendant, while plaintiff, in its employment, was working with a machine called a "roller." He was at work in its boiler-making shop, and was set by the foreman to straighten out pieces of old smoke-stacks, which was done by running them through the machine, in doing which his fingers were caught in the rollers of the machine, and crushed.    The negligence alleged is —*First*, in placing plaintiff at work which was too advanced for him; *second*, in not properly instructing him in such work; and, *third*, in placing an incompetent person to assist him.    The third

specification of negligence refers to a fellow-apprentice of plaintiff's, named Harrington, who was assigned to plaintiff as a helper in the work of straightening the pieces of smoke-stack. As to Harrington there is no evidence that he was not, so far as any danger to plaintiff was concerned, perfectly competent to do the work he was set to; nor is there a word of evidence suggesting that any act or omission of his caused or in any degree contributed to the injury to plaintiff; so that may be dismissed without further comment.

The first specification of negligence means that plaintiff was set to do work the danger of which his experience and knowledge of the business did not enable him to appreciate, and the second specification, that defendant did not properly instruct him as to such dangers. Plaintiff was an apprentice to learn the trade of boiler-making, and, at the time of the injury, had been so employed by defendant for two years and two months. He was then 19 years old, and, for aught that appears, was a youth of ordinary capacity. The boiler-making shop was one large room in which plaintiff had worked during the two years and two months. In that room was the machine called the "roller." It appears to have been a powerful machine, of the simplest construction, the operating part consisting of heavy iron rollers kept in place by the frame in which their ends were set, and which rollers, when set in motion by the motive power, revolved towards each other. When in motion, a plate of boiler iron, one end of it being inserted between them, would by their movement be drawn through and crushed flat or smooth, taking out all inequalities in the plate. There was no danger in working the machine unless the hand should get caught and drawn in between the rollers, in which case of course it would be crushed. This danger was open to the senses, as apparent as the danger to one who should lie down on a railroad track in front of an approaching locomotive. No one of the commonest capacity could see the machine work and see what it would do with a plate of boiler iron, without fully appreciating the danger, and knowing that, if he would avoid injury, he must take care not to get his hands between the rollers. The plaintiff had, as he testifies, seen the machine worked by others almost every day, probably, during all the time of his apprenticeship. He had worked it

himself every day for a month.   Knowledge of the danger was forced
on him by his senses.  No amount of notice or instruction could have
better informed him.    The defendant had a right to assume that he
knew it.   It is apparent that no degree of skill or experience was re-
quired to keep the hands away from the rollers.   It does not appear
that in working the machine there was any need to have the hands
so near the rollers that they were likely to get between them.   The
pieces of smoke-stack which plaintiff was running through the ma-
chine were full of rivets or rivet holes, and the edges were in places
turned up, making what are designated spurs or sharp projections.
If the pieces were handled with the bare hands, these spurs would
cut and scratch them, so it was usual to wear gloves as a protection
to the hands.   Of course, the spurs would catch the gloves as they
would the naked hand.   This made it necessary to take care that the
glove was not caught by a spur so near the rollers that the hand
would be drawn in.   No skill nor experience beyond what plaintiff
had was needed to know this and to exercise such care.   It was not
negligence to set him at work, all of the dangers of which he knew
as well as any skilled mechanic could know; nor to omit to inform
him of what his senses had every day informed him.   So long as a
master is held liable to his servant only for negligence, no case like
this can justify a recovery.

Order reversed.