CHARLES KAILLEN, an Infant, by his Guardian, *vs.* NORTHWESTERN BEDDING COMPANY.

May 12, 1891.

**Master and Servant—Dangerous Machine—Warning.**—Whether it was negligence on part of defendant to put the plaintiff to work on a certain machine without informing him as to the dangers incident to operating it, or whether the plaintiff ought, in the exercise of ordinary prudence, to have fully understood these dangers without being told of them, was, under the evidence in this case, a question for the jury.

**Same—Evidence of Former Negligence of Servant.**—Evidence that the plaintiff was negligent on some former occasions in operating the machine was properly excluded, because not furnishing any legal ground for an inference that he was thus negligent at the time he sustained the injury complained of.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after a verdict of $500 for plaintiff in an action for personal injuries.

*James E. Markham*, for appellant.

*Kueffner & Fauntleroy*, for respondent.

MITCHELL, J. We are of opinion that under the evidence the verdict of the jury must be accepted as conclusive against the contentions of the defendant that it had instructed the plaintiff in the use of the machine by which he was injured, and informed him of the risks and dangers incident to its use, and that his injury was caused by his negligently and carelessly allowing his attention to be attracted by occurrences outside the building, and looking out of the window, instead of attending to his work, while feeding the machine. The case therefore comes down to the single question whether, under the evidence, it was a question for the jury to determine whether it was negligence on part of the defendant to put the plaintiff at work on such a machine, without instructing and cautioning him as to the risks and dangers incident to its use, or, which is but another way of stating the same proposition, whether

the plaintiff, in the exercise of ordinary prudence, ought to have appreciated the extent of these risks, without being cautioned regarding them.

The evidence shows that when the plaintiff was put to work on the machine he was a boy aged not quite $14\frac{1}{2}$ years, without any previous experience in the use of machinery, and had been operating it about two weeks before the accident. The machine was a "wool machine" or "picker," the purpose of which was to pick or tear to pieces wool used in making mattresses. It was constructed with a platform in front, at the rear of which were two small smooth wooden rollers, one immediately over the other. The space between the two at their nearest point was very small, perhaps not over one-eighth or one-sixth of an inch. These rollers were in plain sight, and, when the machine was in operation, both revolved inwardly towards the aperture between them. Immediately behind the rollers was a large cylinder, from the convex surface of which projected numerous iron spikes. The top and ends of this cylinder were covered, as was also the front, except a narrow aperture of an inch or two between the cover and the upper roller. The rear of the machine projected through a partition, so that the wool when "picked" would fall from the machine into another room. Hence the cylinder could only be seen by one operating the machine by looking through the aperture in front, between the cover and the upper roller. The method of operating the machine was by one boy turning a crank at the side, while another boy stood in front and fed it with wool, which he took up with one hand from a bundle on the floor and placed on the platform, and with the other hand pushed forward until it came in contact with the revolving rollers, which drew it in between them until it came in contact with the spikes in the cylinder by which it was torn to pieces, and then dropped in the other room in the rear of the machine. This cylinder revolved with very considerable force and velocity. While plaintiff was "feeding" the machine his hand came in contact with the surface of the rollers, by which it was quickly squeezed and drawn through until it came in contact with the spikes in the revolving cylinder, by which the fingers were badly lacerated.

The contention of the plaintiff is that it was negligence to put a young boy without experience to work on such a machine, without cautioning him and explaining to him the danger of allowing his hand to come in contact with the revolving rollers; while the contention of defendant is that this danger was self-evident to any one who used his senses; that, in the exercise of ordinary intelligence, even this boy ought to have known that if his hand came in contact with the rollers it would be drawn in, crushed, and otherwise injured, just as happened in this case; that no amount of instruction on part of the defendant could have communicated to plaintiff any knowledge regarding these dangers which he had not, or should not have, already acquired by the use of his senses.

At first sight the position of defendant seems plausible; but when we consider the fact that the surface of the rollers was smooth, and the space between them very small, we think it not improbable that there may be a great many boys, and even men of ordinary intelligence, without experience with machinery, and with a limited knowledge of the principles of mechanics, who, while knowing and seeing that the rollers drew in wool compressed almost to the thinness of paper, would yet, like this boy, fail to realize or appreciate that they would suddenly compress and draw in, as quickly as it came in the slightest contact with them, an object like the hand or fingers, many times thicker than the aperture between the rollers. This, in our opinion, is the controlling consideration in this case, and one which fairly distinguishes it from the case of *Berger* v. *St. Paul, M. & M. Ry. Co.*, 39 Minn. 78, (38 N. W. Rep. 814,) and other cases cited and relied on by defendant. While the facts do not make out a very strong case for the plaintiff, yet we are not prepared to say, as matters of law, that the defendant owed this boy no duty to caution him as to the danger of allowing his hand to come in contact with these rollers, and that he ought to have understood this without being told. The learned trial judge held, in effect, that under the circumstances these were questions for the jury, and we do not feel warranted in saying that he erred in so holding. It is contended that it appears from plaintiff's own testimony that he in fact did fully understand and appreciate the danger of allowing his hand to come in con-

tact with the rollers; but we are satisfied that, taking the whole of his testimony together, it does not require, or even fairly admit of, this construction.

Evidence that on some former occasions the plaintiff was seen looking out of the window while at work was properly excluded for the reason that it was not sufficiently near to or connected with the accident to furnish any legal ground for an inference that he was doing so when he was injured.

Order affirmed.