CHARLES ZIEGLER v. C. GOTZIAN & COMPANY.[1]

May 23, 1902.

Nos. 13,019—(113).

## Assumption of Risk—Verdict Sustained by Evidence.

In this, a personal injury action, it is *held* that it was, upon the evidence, a question of fact for the jury whether the plaintiff fully understood the risks incident to the place and work assigned him by his master, the defendant, and that the verdict in favor of the plaintiff is sustained by the evidence.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $600. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Trafford N. Jayne,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

START, C. J.

The plaintiff, a minor of sixteen and a half years of age at the time he was injured, was employed by the defendant in its factory in the city of St. Paul, and assigned to the work of inserting eyelets in shoes. He had been engaged in this work for about five months, when he was ordered by the defendant's foreman to wash the windows in the third story of its factory. This, so far as appears from the record, was the first time he was required to do work of that kind. The windows were about three feet wide, and twice as high as the plaintiff was tall; and each window consisted of two panes of glass,—one in the lower and one in the upper sash thereof. In order to wash the outside of the window, it was necessary for the plaintiff to stand on the ledge or sill thereof. While he was so standing for such purpose, he pulled down the upper sash of one of the windows, washed the glass therein, and attempted to shove it back to its place; but it did not go up easily, and he "gave it a good jerk, and it flew up," and he lost his bal-

[1] Reported in 90 N. W. 387.

ance and fell to the ground, whereby his right thigh was fractured, and he was otherwise seriously injured.

He claimed that the defendant's superintendent ordered him to wash the outside of the windows, and brought this action, by his guardian ad litem, to recover damages for such injuries, on the ground that the defendant negligently ordered him into such place of danger, the hazards of which, by reason of his youth and inexperience, he did not understand and appreciate.

The answer of the defendant denied that the plaintiff was ordered to wash the outside of the windows, and alleged that he was ordered not to do so, and in violation of such order he attempted to so wash the windows, and by reason of such disobedience and his own negligence he fell and was injured, and, further, that he then fully appreciated the dangers incident to the situation he voluntarily placed himself in.

The jury returned a verdict for the plaintiff in the sum of $600, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

The only question for our decision is whether the verdict is sustained by the evidence. The evidence is unquestionably sufficient to justify a finding by the jury that the plaintiff was ordered by the defendant to wash the windows on the outside, and that in so ordering it was guilty of negligence. But the defendant insists that it conclusively appears from the undisputed evidence that the plaintiff fully understood and appreciated the dangers and risks incident to the work he was ordered to do, and the place thereof; hence it must be held, as a matter of law, that he assumed such risks. To justify such a holding, it must appear from the undisputed evidence and all reasonable inferences therefrom that the plaintiff not only knew that the place in which he was required to work was dangerous, but also that he fully understood, or ought, in the exercise of ordinary prudence, to have understood, all of the risks incident to the doing of the work assigned to him in such place. From a consideration of the whole evidence, we have reached the conclusion that, in view of the plaintiff's youth and inexperience, reasonable men might fairly draw from the evidence different inferences as to whether the plaintiff fully understood

the risks to which he exposed himself in complying with the defendant's order. Therefore it was a question for the jury whether he did so understand and assume such risks. This question was clearly and fairly submitted to the jury by the trial judge, and their finding thereon is sustained by the evidence.

Order affirmed.