WESLEY E. SMALL v. BRAINERD LUMBER COMPANY.[1]

June 2, 1905.

Nos. 14,317—(138).

**Warning Servant of Dangerous Work.**

An operative employed to sweep the floors of a mill was, under the claim of plaintiff, transferred by his employer to the task of cleaning the unguarded gearings of the machinery and their connections, without warning of obscure existing dangers, and, while executing what he understood to be the instructions of his superior in employment was injured. *Held*:

1. That it is the duty of the employer not only to give an inexperienced servant proper warnings and instructions of obscure dangers, which he ought to know, but to convey his directions to perform any required duty in so plain and intelligent a manner that the same may be understood, and for a failure in this respect which occasions injury the master is liable for the damages sustained by reason thereof.

2. *Held*, further, upon the facts, that it was a question for the jury, under the evidence, whether an employee was directed, by instructions actually given, to clean the gearings and connections upon which he was at work when injured.

3. It was also a question for the jury whether such employee was directed by his superior to clean such gearings immediately, or at a future designated time, when the mill was not in operation.

Action in the district court for Crow Wing county to recover $10,000 for personal injuries. The case was tried before Spooner, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*W. A. Fleming,* for appellant.

*Davis & Hollister,* for respondent.

LOVELY, J.

Wesley Small was employed as a sweeper in the steam sawmill of defendant at Brainerd. While attempting to clean a portion of the gearing and its connections, which were unguarded, he was drawn into the meshes of connecting cogwheels and seriously injured. Through his guardian ad litem he brings this action for the damages sustained.

[1] Reported in 103 N. W. 726.

At the close of the evidence the trial court directed a verdict in favor of defendant. There was a motion for a new trial, which was overruled. This appeal is from that order.

Appellant's contention on this review is that the trial court did not give sufficient weight to substantial inferences in favor of plaintiff's claim, either upon the facts, or the legal conclusions reasonably deducible therefrom.

It appears from the record that the injured lad was a youth of sixteen years, whose previous life had been passed on a farm. He had had three months' schooling, but no acquaintance with machinery, except during a period of twelve days previous to the accident, while he was in defendant's service. He was first put at work sweeping the north half of the first floor of the sawmill, where about one hundred men were employed. A day or two afterwards he was required to sweep the whole floor, which constituted a man's work. He was hired by the defendant's general superintendent, Mattes, and told that he would receive orders from another employee, named Erickson, who was to tell him what to do. Erickson directed the plaintiff generally to sweep and dust the portions of the mill which required that attention. In this work he used a broom, a pusher, and a shovel. Two days after he commenced work, Erickson further instructed the boy that he was to go upon the beams, dust them, and brush off accumulations, which was to be during the noon hour, only, when the motive power of the mill was not running. About a week after this, defendant's superintendent, Mattes, when the boy was at the center of the mill, at work, came there, beckoned him to come, and, according to his statements, asked him if he had noticed the gearing—to use his own language, which is important in this connection, "He went up to the gearing with me." Then Mattes stated:

> You want to clean that out [referring to the gearing]. If the gearing gets clogged up, the conveyor stops, and you will have to stop the whole mill to clean it out.

He further says that Mattes indicated or pointed in the direction of certain gearing with his hand—referring to the operating portions of the mill machinery—and states that he understood that he was to clean out the same in that place, which was wholly unguarded; that soon

after the superintendent left, when the boy got an instrument called a "picaroon," used for cleaning the cogs and gearing, such as he had seen used for that purpose, and·attempted to work in behind the wheels, also under the belts, to comply with his understanding of the superintendent's directions.  In doing so he inadvertently intruded his left arm into the machinery, in which it was pinioned and held, inflicting such injuries that an amputation of his arm became necessary.

If the instruction given by the superintendent to plaintiff was to clean out the unguarded gearing of the sawmill, the question of defendant's liability, without doubt, ought to have been submitted to the jury. The youth of the injured party, his lack of familiarity with machinery, and the failure to give the necessary caution by the superintendent in transferring him from a very commonplace.and comparatively harmless occupation to one much more hazardous, would tend to show negligence on the part of defendant, through its servants, and support a liability for its consequences; but it is insisted that the defendant's superintendent did not order the boy to clean out the gearing where he was injured, but directed his attention to another place, although in the same general locality, and distinctly told him to do his work at the noon hour—a time when the mill would not be operated.   If this instruction, with the limitation thus imposed, was clear and not open to doubt or question, the conclusion arrived at below would have to be sustained; but we are not able to treat the claims of defendant in this respect with the same absolute verity that is accorded them by the learned trial court.

The evidence in this respect shows that the boy was called from his work by the superintendent, and, if he made the statement detailed above by him, which was for the jury, it was not a wholly unreasonable inference that portions of the gearing would have to be cleaned by him at once, or that he might well suppose that all parts of the gearing which were covered with dust or refuse matter that would clog the machinery should be attended to in a practical and effective way, and that he was justified in getting the picaroon and pulling away from the cogs such matter as interfered with their operation, to comply with the last direction he had received from the superintendent.   The plaintiff states that nothing  was said to him by the superintendent about the noon hour; that the mill was running, and

95 M.—7

made a great deal of noise; that the superintendent hallooed when he spoke, but that he heard nothing about the noon hour, and, if any restriction were placed upon his time of labor, to protect him from the effects of the unguarded machinery, he did not hear it, nor so understand it. Whether in these respects the general order of the superintendent was to clean out the gearing, without any qualification as to the time when it should be done, might well be a question of fact, under the evidence; and if such superior in employment found it necessary to give instructions to the plaintiff which required him to perform other work than that which he was already doing, and might be misunderstood, it was the duty of such person to make his instructions sufficiently clear and plain to be intelligently apprehended, and if he failed in this respect, and the plaintiff, from an overzealous anxiety faithfully to perform requirements of his master, or his duty under the instructions which he supposed he received and suffered injury therefrom, to which he did not himself contribute, the defendant would be liable therefor.

The order appealed from is reversed, and new trial ordered.