FRED DOERR v. DAILY NEWS PUBLISHING COMPANY.[1]

February 2, 1906.

Nos. 14,589—(185).

**Fellow Servants.**

When an operator, or pressman, of a printing press, while engaged with his helper in the usual duty of running the machine, starts it without giving proper warning to the helper, who by reason thereof is injured by having his fingers drawn between the rollers, the relation between them is that of fellow servants, notwithstanding the helper is under the

[1] Reported in 106 N. W. 1044.

direction and control of the operator in respect to the running of the press.

**Same.**

> The application of the rule is not changed by the fact that such press-man is the foreman of the pressroom, having general charge of the men, and general authority to direct their movements.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Brill, J., who directed a verdict in favor of defendant, upon the close of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant

*Lawler & Arnold,* for respondent.

LEWIS, J.

Respondent was in possession of two printing presses, and had in its employment two pressmen, Egan and Burns, who were each assisted by one, and sometimes two, helpers. Egan was foreman of the pressroom, with authority to hire and discharge employees, and during his absence Burns was temporary foreman, with the same general powers, including authority to discharge, but not to hire, men. Upon the occasion in question Egan was absent, and Burns was in charge of the pressroom as foreman, and was personally engaged in running one of the presses, with Fred Doerr as helper, and the two had worked together as pressman and helper for more than a year. It was the duty of the helper—sometimes called "press feeder"—to insert the paper between the rolls of the machine, which was done with the hands when the press was stationary, and when he had done so he would give a signal to the pressman, who started the press after giving warning that he was about to do so. This action is based upon an injury occasioned by the pressman, Burns, who started the machine before he received the customary signal from the helper, who, as a result, had his fingers caught between the rolls and severely injured. There is no dispute about the facts, and upon motion the trial court directed a verdict for respondent.

The case turns upon whether or not Burns was the fellow servant of his helper. If he was, there is no liability; but, if not, then the case

should have been submitted to the jury. According to the evidence the helper was under the immediate direction of the pressman. Such was the rule adopted by respondent in its pressroom, and Burns and appellant conducted themselves accordingly; but the duties of each were determined by the circumstances arising from time to time. Their general duties in running the press were well understood, and at the time of the injury both parties were engaged in prosecuting their usual work. The mere fact that one of several employees working together in the same employment for a common master has authority to direct the movements of the others does not, of itself, constitute such employee a vice principal, regardless of other circumstances. In Lindvall v. Woods, 41 Minn. 212, 42 N. W. 1020, 4 L. R. A. 793, the rule is announced that it is not the rank of an employee, or his authority over other employees, but the nature of the duty or service he performs, which determines whether he is a vice principal or a fellow servant, and that, whenever a master delegates to another the performance of a duty to a servant which rests upon himself absolutely, he is liable for the manner in which such duty is performed, and however high or low his rank, or however great or small his authority over other employees, he stands in the place of the master, but as to all other matters he is a mere coservant. This rule has often been approved, but the correctness of its application to the facts of that case has been doubted.

In the case under consideration, the rule may be applied without complication with any of the other principles which are sometimes involved. The machine was not defective, and the parties were engaged in their ordinary duties in its operation. No negligence is charged against respondent for not having used ordinary care in selecting Burns as pressman, and no negligence is predicated upon the complicated character of the work, or that it required the personal supervision of the master to direct the movements of the workmen and proper rules to govern them. The specific act of negligence charged is that respondent negligently caused the press to start without warning and while the helper had his hands between the rolls. Accepting the evidence to the effect that upon this occasion Burns had general supervision over the employees in the pressroom, it is clear that the work in which he was engaged at the time of the injury was not that of vice principal or foreman, but merely his ordinary duties as fellow servant.

The case is distinguished from Hess v. Adamant Mnfg. Co., 66 Minn. 79, 68 N. W. 774, where the company was liable upon the theory that at the time of the accident the employee was engaged in the performance of his duties as a superintendent or foreman, and represented his master. The case is also distinguished from Small v. Brainerd Lumber Co., 95 Minn. 95, 103 N. W. 726. There the liability was placed upon the fact that the employer had not properly instructed and warned an inexperienced servant before directing him to perform duties which were attended with latent danger. Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309, is not controlling. In that case it was held that Mertz was a vice principal, performing the duties of the master, and the employee was injured as a result of carrying out a direct order of the vice principal as such.

The case of Norton Bros. v. Nadebok, 190 Ill. 595, 60 N. E. 843, 54 L. R. A. 842, cited by appellant, clearly illustrates the distinction between the duties performed by a coservant as such and duties performed as superintendent. There Banning was in charge of the operation of the machine, and had the direction and control of his helper, and an obstruction having become fastened in the wheels, so as to interfere with the operation of the machine, Banning directed the helper to put his hand in and remove it, and before he had done so Banning started the machine in motion, causing the injury. The master was held liable, under the principle that at the time of the accident Banning was engaged in carrying out the duty imposed upon him as superintendent. The machine had become defective, and it was necessary to exercise supervision for the purpose of putting it in order. In this court Borgerson v. Cook Stone Co., 91 Minn. 91, 97 N. W. 734, and Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, are illustrations of the principle here applied.

Order affirmed.