MARTHA LUDWIG v. EUGENE D. SPICER.[1]

November 30, 1906.

Nos. 14,883—(70).

**Master and Servant.**

In a personal injury action, it is *held* that the evidence is sufficient to sustain the verdict of the jury to the effect that plaintiff's injuries were caused by the negligence of defendant in failing to give her, an inexperienced servant, proper instructions with reference to the dangers connected with her employment. Carlin v. Kennedy, 97 Minn. 141, 106 N. W. 340, followed and applied.

**Assignments of Error.**

Certain assignments considered, and *held* to present no reversible error.

Action in the district court for Ramsey county to recover $15,222 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of the plaintiff for $6,222. From an order denying a motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

The requested instruction made the basis of the thirteenth assignment of error was as follows: "If the jury find that the testimony of Emma Knoble is true, to the effect that feeding over the guard was done surreptitiously and without the knowledge of the defendant and would not have been done in his presence or in the presence of any other persons in authority, the verdict must be for the defendant."

*Daniel W. Lawler* and *Edward Sanford,* for appellant.

*J. W. Pinch,* for respondent.

BROWN, J.

· Plaintiff was injured while at work in defendant's laundry, operating a steam mangle, and brought this action to recover damages, alleging that her injury was caused by the negligence of defendant (1) in putting her to work upon the mangle without previously instructing her of the dangers incident to its use and how safely to operate the same, and (2) that defendant was aware of the fact that the mangle was out

[1] Reported in 109 N. W. 832.

of repair, rendering it more dangerous to the person operating it, and had promised to repair it.

She had a verdict in the court below, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

It is urged in this court that the evidence is conclusive that plaintiff was familiar with the manner in which the mangle was ordinarily operated, that the dangers connected with its use were apparent and obvious to her senses, and that she assumed all the risks incident to her work and cannot recover.

This contention, and the further claim that the evidence is wholly insufficient to sustain the charge of negligence, upon which reliance is had for recovery, may properly be disposed of together. We have considered fully the evidence presented in the record, and reach the conclusion that it made a case for the jury in both respects, and, further, that the case, upon its principal facts, cannot be distinguished from Carlin v. Kennedy, 97 Minn. 141, 106 N. W. 340. Plaintiff in that case was twenty two years of age at the time of her injury, but had had no previous experience in the operation of a machine of this kind, and was given no instructions by the defendant. Her injury resulted in part from a lack of experience and want of appreciation of the dangers surrounding her work, and in part from the failure of defendant to instruct her in respect to the manner of operating the machine, and we sustained her right of action.

In the case at bar, plaintiff was eighteen years of age, with an experience of only seventeen days in this sort of work. She was not instructed by defendant, either in respect to the proper manner of feeding articles into the mangle or in reference to the dangers incident to the operation of the machine. She had worked in the laundry the preceding seven months; but the testimony is to the effect that she knew nothing about the operation of the mangle or the dangers connected with its use, and that her work prior to the time she commenced feeding it was shaking articles preparatory to being ironed. The evidence justified the jury in finding with her upon this feature of the case, and further that the dangers connected with the use of the machine were not open or apparent to one not familiar with it and its construction.

99 M.—26

The fact that she had been engaged seventeen days in feeding the mangle does not differentiate it from the Carlin case, nor is that fact sufficient to justify the conclusion, as a matter of law, that she understood, or ought, in the exercise of reasonable care, to have understood and appreciated, the risks and dangers of her employment. The question, on the evidence, was for the jury to determine. It is true that the mangle was supplied with a proper guard in front of the rollers, and that plaintiff's injury was caused by feeding articles into the same over the guard, instead of under it. But this is not conclusive against her. She received no instructions in reference to her work, and another and more experienced girl was assisting her at the time, upon whom she had, in the absence of instructions, the right to rely. Had she been taught how to operate the mangle, and had she deliberately departed from her instructions, no recovery could be had, even though she followed the practice of the older operator. The fact that defendant did not know of the practice of feeding articles into the mangle over the guard is of no avail in this case. It does not relieve him from the consequences of his failure to inform plaintiff of the dangers connected with the machine and the proper method of operating it.

The facts, as found by the jury and justified by the evidence, bring the case within the rule of the following cases in this court, in addition to the Carlin case, which we follow and apply: Kaillen v. Northwestern Bedding Co., 46 Minn. 187, 48 N. W. 779; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Abel v. Butler-Ryan Co., 66 Minn. 16, 68 N. W. 205; Stiller v. Bohn Mnfg. Co., 80 Minn. 1, 82 N. W. 981; Gray v. Commutator Co., 85 Minn. 463, 89 N. W. 322; Torske v. Commonwealth Lumber Co., 86 Minn. 276, 90 N. W. 532; Small v. Brainerd Lumber Co., 95 Minn. 95, 103 N. W. 726.

The principle of law applicable to cases of this kind is concisely stated by Judge Lewis in the Carlin case, supra, as follows: "Green hands should be put through a course of training, and, under direction and supervision, gradually accustomed to manipulate such machines, in order that they may have an opportunity to observe and judge of the danger attending the work; and if, for reasons of economy or lack of business system, an operator does not see fit to take the necessary time to properly train ignorant girls, but subjects them to the hazards of learning through sad experience, he cannot divest himself of

responsibility upon the plea that she ought to have known better." "If by observation and experience an employer has reasonable ground to believe that such machines are dangerous in the hands of inexperienced workmen, green and ignorant girls, then he is called upon to use all reasonable means to protect them, if he continues to employ that class of labor. That duty requires him to be alert and to make his machine reasonably safe, and also to properly instruct the inexperienced in the use 'thereof and to warn them of danger." The case is distinguishable from that of Blom v. Yellowstone Park Assn., 86 Minn. 237, 90 N. W. 397; for in that case plaintiff was skilled and experienced in the operation of the mangle in the use of which she was injured. It is distinguishable from Jensen v. Regan, 92 Minn. 323, 99 N. W. 1126; for in that case plaintiff had been properly instructed in her work. The cases cited fully sustain plaintiff's right of recovery, and we need not consider the authorities from other states, which seem to sustain appellant's view of the case in some respects.

The questions whether the defective condition of the machine made its use more dangerous, and whether plaintiff continued in the use of it in reliance upon defendant's promise of repair, were questions for the jury to determine, as well as the question whether the complaint made to defendant that the mangle was in a defective condition had reference to its efficiency or to increased danger in its operation. Our conclusion is that the learned trial court properly denied defendant's motion for judgment notwithstanding the verdict, and we pass to the question whether, for the reasons urged, a new trial should be granted.

We have considered fully the assignments of error in this connection, and discover no reason for disturbing the order appealed from. The requested instruction made the basis of the thirteenth assignment of error was properly refused. As we have already said, the fact that defendant's employees were in the habit of feeding articles into the mangle over the guard, without his knowledge, did not relieve him from liability to this plaintiff, whom he had failed properly to instruct in respect to the operation of the machine.

The assignments of error presenting the claim of misconduct on the part of plaintiff's counsel are not well taken. No exceptions were noted to the remarks at the trial, nor was the attention of the trial

court called to the matter, nor a ruling thereon invoked. Defendant is in no position, therefore, to complain. Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Schultz v. Schneckenberger, 81 Minn. 380, 84 N. W. 119; Olson v. Gjertsen, 42 Minn. 407, 409, 44 N. W. 306.

Though the verdict of the jury seems large in amount, in view of the fact that it has been approved by the trial court, we do not see our way clear to order a new trial on the ground of excessive damages given under the influence of passion or prejudice.

This covers all the assignments of error requiring special mention, and results in the affirmance of the order appealed from.

Order affirmed.