JOSEPH MASTEY v. VILLAUME BOX & LUMBER COMPANY.[1]

May 8, 1908.

Nos. 15,585—(77).

**Assumption of Risk—Question of Fact.**

>   The plaintiff herein, a boy eighteen years old, without experience in the use of machinery, had two of his fingers cut off by a ripsaw while he was in the act of cleaning out, with his hands, the sawdust in a basin beneath the saw by direction of the defendant. *Held*, that whether he assumed the risk and was guilty of contributory negligence was, under the evidence, a question of fact.

Action in the district court for Ramsey county to recover $5,000 damages for personal injuries. The case was tried before Kelly, J., and a jury which rendered a verdict in favor of plaintiff for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

START, C. J.

The plaintiff on April 11, 1907, was in the employ of the defendant in its box factory in the city of St. Paul, and while engaged in removing sawdust from a basin immediately under a table to which a ripsaw was attached his left hand came in contact with the saw, whereby his second and third fingers were cut off just above the second joint and his index finger was injured. He brought this action in the district court of the county of Ramsey to recover damages on account of such injuries, on the ground that they were caused by the defendant's negligence. The specific negligence alleged in the complaint was that the defendant failed to properly guard the bottom of the saw, which was covered by the basin, and to instruct the plaintiff with reference to the performance of his duty in and about the saw, and to warn him of the danger incident thereto, and, further, that it negligently instructed and required him to put his hand into the basin for

[1] Reported in 116 N. W. 207.

the purpose of cleaning it out when the saw was in motion. The answer put in issue the allegations of the complaint as to the negligence of the defendant, and alleged that the injuries received by the plaintiff were the result of his own negligence, and not otherwise.

The trial court withdrew from the jury the issue as to the alleged failure of the defendant to guard the saw, and submitted to them only the issues whether the defendant directed him to clear out the sawdust in the basin while the saw was in motion, and whether the plaintiff knew and appreciated the risks and dangers incident to a compliance with such order, in case it was given, and, further, whether the plaintiff was guilty of contributory negligence. The issues were fully and fairly submitted to the jury, and in a manner acceptable to counsel for the respective parties. The jury returned a verdict for the plaintiff in the sum of $1,000. The defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The principal claim here made by the defendant is that it was entitled to an instructed verdict in its favor, as a matter of law, on the ground that the plaintiff assumed the risks and was guilty of contributory negligence. It is only in exceptional cases that assumption of the risk and contributory negligence are questions of law. The question then is: Does it appear from the record, as a matter of law, that this case falls within the exception? The evidence on behalf of the plaintiff, if entitled to credence, and of this the jury were the judges, establishes the facts following:

The plaintiff was eighteen years old, without previous experience in the use of machinery, which fact was known to the defendant. He came from his father's farm to the city, and was employed by the defendant two weeks before the accident. He worked the first week carrying lumber from one building to another, in which there was machinery with which he had nothing to do. He was then sent to assist Mr. Bremer, who was engaged in operating a circular saw, known as a "ripsaw," for the defendant, and told by the representative of the defendant to do what Bremer directed him to do. The saw was driven rapidly by steam, a part of it being above, and a larger part below, an iron table, upon which the lumber to be cut was placed. Fastened to the under side of the table was a metallic basin,

round at the bottom and twelve inches deep and twelve inches wide, into which the sawdust and splinters fell from the saw where they were caught and carried by a blowpipe, in the bottom of the basin, to the engine room.   Occasionally the blowpipe became clogged by sawdust and splinters, and there was an opening in the table, covered by a movable board, through which the hand could be inserted for the purpose of releasing the obstruction.   The side of this opening nearest to the saw was nine and one half inches therefrom.   The saw extended down into the basin to within some three inches of the bottom.   The plaintiff was directed by Bremer to keep the blowpipe open by cleaning it out whenever it became clogged, and was told and shown by him how it could be done by inserting the hand through the opening in the top of the table, and making an opening with his hand through the accumulated refuse to the mouth of the discharge pipe.   He had done this on two previous occasions when the saw was in motion.   The plaintiff requested Bremer to stop the saw while he was engaged in this work, but was told, in effect, that it was not necessary.   At the time of the accident Bremer had taken the movable board from the top of the table and had gone out, when the plaintiff observed that the metallic box beneath the table had become filled with sawdust and splinters, so he reached his left hand into the basin for the purpose of relieving its clogged condition.   In some manner his hand came in contact with the saw, which was in motion, resulting in the injuries stated.   .

The plaintiff knew that if his hand came in contact with the saw it would be injured and that he must be careful to keep his hand from the saw.   Whether, in view of his age, experience, and the direction of the defendant to do just what he did do, he fully appreciated the danger, even if due care was observed in doing the work necessarily incident to obeying such order, is a different question.

The cross-examination of the plaintiff, bearing on this question, was sagacious, but fair, and extended, a record of which required sixty five pages of the paper book.   His cross-examination, considered by itself, without reference to other parts of his testimony, indicates quite clearly that he knew and appreciated the dangers necessarily incident to the work of cleaning out the basin while the saw was in motion.   However, his testimony must be considered as a whole,

and from the viewpoint of an inexperienced boy of eighteen years, who did what he did do by the direction of his employer. Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45. On his redirect examination he testified, in answer to questions by his counsel, to the effect that the reason why he asked Bremer to stop the saw was because he thought it was dangerous to clear out the basin when the saw was in motion, but that when he was told by Bremer that it was not necessary to stop the saw he thought that Bremer, who, as he understood, had been operating the saw for a long time, knew more about the saw than he did, that he would have been discharged if he had not obeyed, and, further, that he was careful in all his work about the saw, so as not to get hurt. While this is a border case, yet, upon a consideration of the whole evidence, and in view of the plaintiff's youth and inexperience, and the fact that when injured he was doing the work he was required to do in the manner directed by his employer, we are of the opinion that reasonable men might fairly draw from the evidence different conclusions as to whether the plaintiff fully understood and appreciated the risks to which he exposed himself in complying with the defendant's direction as to cleaning the basin, and as to whether he was guilty of contributory negligence. Ziegler v. C. Gotzian Co., 86 Minn. 290, 90 N. W. 387; Hagerty v. Brick Co., 98 Minn. 502, 108 N. W. 278; Ludwig v. Spicer, 99 Minn. 400, 109 N. W. 832; Atlas v. National Biscuit Co., 100 Minn. 30, 110 N. W. 250.

We accordingly hold that neither question was one of law, but that each was one of fact, and that the defendant was not entitled to a directed verdict in its favor.

Order affirmed.