SCHWEINFORTH, Respondent, v. SCHWENK-BARTH BREWING COMPANY, Appellant.

(153 N. W. 908.)

(File No. 3687.   Opinion filed August 7, 1915.)

**Master and Servant—Negligence—Injury to Servant—Helper to Boiler Repairer—Circular Saw—Knowledge of Danger—Voluntary Act—Line of Duty—Assumption of Risk.**

Where a servant of defendant, employed as helper to an employee who was repairing a boiler, voluntarily went to a carpenter shop across the street from the place of the repairing, to sharpen tools for the repairer, using an emery wheel on a shaft having a circular saw about one foot distant from the wheel, and who fully appreciated the character of the danger from the saw while using the wheel, plaintiff's work having no connection with the wheel and saw, and the repairer having no knowledge that plaintiff was sharpening the tools at the

shop, or of the presence of wheel or saw, prior to the accident, **held,** that the danger of injury from the saw while using the wheel was so visible and patent, that plaintiff assumed the risk of injury therefrom, and cannot recover.

Whiting, and Polley, J. J., dissenting.

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by Joseph Schweinforth against the Schwenk-Barth Brewing Company, to recover for personal injury. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*French & Orvis,* for Appellant.

*Joseph Janousek, and Bogue & Bogue,* for Respondent.

Appellant cited: Erdman v. Illinois Steel Company, (Wis.) 69 N. W. 993; Yerkes v. Northern Pac. Ry. Co., (Wis.) 88 N. W. 33; Stephenson v. Duncan, (Wis.) 41 N. W. 337; Glenmont Lumber Co. v. Roy, 126 Fed. 524, 61 C. C. A. 506; 14 Am. E. E. L., (1st Ed.) 842; Ries v. Struck, (Ky.) 64 S. W. 729; Monteith v. Kokomo Wood Enameling Co., (Ind.) 58 L. R. A. 944; Carlson v. Sioux Falls Water Co., 5 S. D. 402.

Respondent cited: Secs. 3986, 3797, 4017, 7771, Thompson on Negligence; Thompson on Negligence, Vol. 8 (White's Supp.) Sec. 4667; Iverson v. Look, 143 N. W. 332.

McCOY, P. J. This action was brought by plaintiff against the defendant corporation to recover damages for personal injury alleged to have been sustained by him by reason of defendant's negligence while he was in the employment of defendant. There was a verdict and judgment in favor of plaintiff, and defendant appeals, assigning as error, among other things, that the evidence was insufficient to warrant or sustain such verdict. It appears that the appellant was the owner of a brewery plant; and that one Larson, a brick mason, was also employed by defendant to rebuild a boiler and to tear down and rebuild the brick and concrete surroundings of such boiler. Respondent was employed by defendant as a common laborer, as a helper in the repairing of said boiler and its surroundings; that as such helper respondent was required to mix mortar, clean off and carry brick and carry lumber and timbers, and such other work as might be directed or required of him by those in charge of said repairing work. A part of said repair work consisted in the tearing down of a brick

wall and removing from each individual brick the old mortar adhering thereto; and in doing such work the said Larson and his assistants used brick chisels to cut brick and remove such mortar therefrom. Across the street from where such boiler surroundings were being repaired, and in another department of appellant's brewery plant, was a carpenter shop, used generally for the purposes of repairing and constructing bar fixtures. This carpenter shop was in charge of one Johnson. In such carpenter shop on a table or bench about four or five feet long and three feet wide was a shaft or journal attached by belting to a steam engine, which engine was in charge of one Day. On this shaft or journal was an emery wheel and a circular saw about one foot apart, and so arranged that the saw at any time might easily be removed from the shaft, when the emery wheel was to be used. Respondent testified that on April 4, 1911, Larson, the brick mason, directed him to go over and sharpen the chisels; that he (respondent) went to the carpenter shop and requested the engineer Day to start the engine; and while respondent was engaged in sharpening said chisels his hand came in contact with the circular saw, and two fingers were cut off. It also appears from the testimony that, some two weeks prior to the accident, respondent had sharpened chisels for and at the request of one Langfeldt upon this same emery wheel, at which time respondent met Johnson, the carpenter, in the shop; and respondent testified that that was the first time he had examined the emery wheel and the machinery connected with it, and that he said to Johnson:

"You ought to have a guard over them; somebody will get all cut to pieces. It is an awfully dangerous place."

And Johnson replied that they would put a guard over them when they had time. Respondent also testified that a day or two before the accident Larson, the mason, requested him to sharpen the brick chisels, and that respondent said to Larson that he did not have time. It does not directly appear from the evidence to whom the brick chisels belonged; but the strong inference therefrom is that they were the property of Larson, the mason. Larson testified that he used a brick-hammer, chisel, and trowel and level; that respondent sharpened them; but that he (Larson) had no knowledge prior to the accident that respondent

sharpened such tools at the carpenter shop or that there was an emery wheel and saw in such shop.

We are of the view that the character of the danger arising from the use of the emery wheel, with the saw on the shaft, was so apparently plain and visible and openly patent to any one of ordinary intelligence, that respondent assumed the risk, thereby preventing his recovery, under the circumstances of this case. The evidence clearly shows that he could not help but and did fully appreciate the character of the danger. This case is clearly within the rule announced in Carlson v. Sioux Falls Water Co., 8 S. D. 47, 65 N. W. 419; Berger v. St. P., M. & M. Ry. Co., 39 Minn. 78, 38 N. W. 814; Atlas Engine Works v. Randall, 100 Ind. 293, 50 Am. Rep. 798; Buckley v. Mfg. Co., 113 N. Y. 540, 21 N. E. 717.

It is contended that a reversal of the judgment in this case on the foregoing grounds will amount to a reversal of the decisions in Perreault v. Wis. Granite Co., 32 S. D. 275, 144 N. W. 110, and Iverson v. Look, 32 S. D. 321, 143 N. W. 332; but we are of the view, however, that the rule announced in those cases is not applicable to the facts and circumstances of the case present. It was never intended by the decisions in the Perreault and Iverson cases to reverse the rule announced in Carlson v. Sioux Falls Water Co. In the Perreault and Iverson cases the dangers were more latent and were not of such an open, patent, and visible nature as the danger in this case. The danger in those cases was not readily and easily understood and appreciated like the danger in the present case. There was evidence in those cases from which the jury might reasonably have found that plaintiff did not appreciate or understand the danger to which he was exposed, while in this case the danger was of such an open, patent, and visible nature that any one of reasonable intelligence, at an instantaneous glance, would fully appreciate and understand the danger. The testimony of plaintiff clearly shows that he fully understood and appreciated the danger. In the Perreault and Iverson cases the defendants knew at the time of the employment, and they must have had in contemplation, where and what tools and implements the plaintiffs would be required to use in the performance of their labors; while in this case, on no reasonable construction of the evidence, could it have been contemplated, or

in the mind of either party, that plaintiff would be required to work with or use the emery wheel and saw while working under the direction of the mason Larson.  True, plaintiff testified he was to help Johnson, who had charge of the carpenter shop; but he was never in fact required to assist Johnson, and was in no manner assisting him at the time of the injury.  If plaintiff had been helping Johnson at the time of the accident, then the Perreault and Iverson decisions might have some application; but that is not this case.  Larson was the stone mason repairing brick and concrete settings around a boiler in another department of defendant's plant, wholly disconnected with the carpenter shop.  Larson's work had no connection with the emery wheel and saw.  If plaintiff had been required to assist Johnson in some work that required the use of the emery wheel, then it might have been the duty of Johnson to have warned him as to latent dangers, or to have obviated apparent dangers.  But Johnson was not required to warn plaintiff in regard to matters having no connection with Johnson's duties.  The sharpening of tools for Larson was a voluntary act on the part of plaintiff.  Plaintiff testified that some two or three days before the accident he had been requested by Larson to sharpen the chisels, but that he did not then have time to do so.  The undisputed evidence of Larson is that prior to the accident he had no knowledge that plaintiff sharpened the tools at the carpenter shop, or that there was an emery wheel and saw in said shop.  Under such circumstances, it cannot be well said that it was the duty of Larson to warn plaintiff of the dangers connected with the use of the emery wheel, or that Larson or any one else for defendants required plaintiff to use said emery wheel.  There are many vital and material distinctions between this case and the Perreault and Iverson cases.  There is a class of cases, however, where it appears that the master has forced or coerced the servant into working in a dangerous place or with dangerous tools, and where it was held that the servant does not assume the risk although he knew and appreciated the danger; but the decisions in such cases can have no application in this case for the reason that there is no evidence of any character tending to show that plaintiff was forced or in any manner coerced by defendant, or by any one authorized by defendant, to use the emery wheel and saw.  Where a servant is placed in the

position by the master of being compelled to work in a dangerous place, or with dangerous tools and implements, or not work at all, presents a different question from that involved under the facts of this case.

The judgment and order appealed from are reversed, and the cause remanded.

WHITING and POLLEY, JJ., dissenting.