# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

PAUL STILLER v. BOHN MANUFACTURING COMPANY.[1]

May 25, 1900.

Nos. 12,155—(237).[2]

**Defective Machinery.**

This is an action brought to recover damages for personal injuries sustained by the plaintiff's minor son by the negligence of the defendant in not furnishing reasonably safe machinery for his use as its servant. *Held*:

**Negligence—Assumption of Risk.**

1. That the verdict herein to the effect that the defendant was negligent in the premises, that the plaintiff's son was not, and that he did not assume the risks incident to the use of the defective machinery, is sustained by the evidence.

**Reasonably Safe Machinery Sufficient.**

2. That an employer is not bound to furnish for his workmen the safest and best appliances and machinery in general use. It is sufficient if his own be reasonably safe.

**Charge to Jury.**

3. That the trial court did not err in charging the jury to the effect that the master was not bound to use the latest and best machinery, but if his own in fact was not reasonably safe, and there was safer machinery in general use, and he did not provide it, the jury would be justified in finding that he did not use ordinary care under the circumstances.

[1] Reported in 82 N. W. 981.  [2] See note on page iv, supra.

80 M.—1

Verdict Excessive.

> 4. That the award of damages was excessive.

Action in the district court for Ramsey county to recover $10,000 damages for personal injuries to plaintiff's minor son. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $4,500. The court made an order denying a motion for judgment notwithstanding the verdict, but granting a new trial unless plaintiff consented to a reduction of the verdict to $3,500. Plaintiff having consented to the reduction, defendant appealed from the order. Affirmed on conditions.

*Morton Barrows* and *Davis, Kellogg & Severance,* for appellant.

A master is bound to use reasonable care to provide his servant with reasonably safe tools, implements, and instrumentalities, and it is the concurrent duty of the employee to observe his surroundings, implements, and machinery and the incidental risks; and if, by reason of his inattention, he is injured, he cannot recover. Chicago v. Kane, 50 Ill. App. 100; Scharenbroich v. St. Cloud F. Co., 59 Minn. 116. Opportunity of knowledge is equivalent to actual knowledge. McDugan v. New York, 10 Misc. (N. Y.) 336. It is sufficient if the tools, materials, and facilities are reasonably suitable for the prosecution of the work, and could be used with reasonable safety if the workman exercised ordinary care. Williams v. St. Louis, 119 Mo. 316; Bajus v. Syracuse, 103 N. Y. 312; Fosburg v. Phillips, 93 Iowa, 54; Chicago v. Garner, 78 Ill. App. 281; Jones v. Granite, 126 Mass. 84. It is not necessary to adopt newer or safer improvements if those already in use can, in the exercise of ordinary care, be used with reasonable safety. Sweeney v. Berlin, 101 N. Y. 520; Wabash v. Webb, 146 Ind. 303; Rooney v. Sewall, 161 Mass. 153.

The servant is held to assume the ordinary risks incident to his employment, in so far as they may fairly be presumed to be within his knowledge, in the exercise of ordinary care. Doyle v. St. Paul M. & M. Ry. Co., 42 Minn. 79; Northern Pac. R. Co. v. Everett, 152 U. S. 107; Reiter v. Winona & St. P. R. Co., 72 Minn. 225; Swanson v. Great Northern Ry. Co., 68 Minn. 184; Soutar v. Minneapolis I. E. Co., 68 Minn. 18. The danger, if any, was as obvious to plaintiff

as to defendant, and in such case the master is not liable. Smith v. Tromanhauser, 63 Minn. 98; Anderson v. C. N. Nelson L. Co., 67 Minn. 79; 1 Shearman & R. Neg. (4th Ed.) 375; Chicago v. Clark, 11 Ill. App. 104; Truntle v. North Star W. M. Co., 57 Minn. 52; Scharenbroich v. St. Cloud F. Co., supra; Lawson v. Truesdale, 60 Minn. 410. It is sufficient if the tools, machinery, and facilities are reasonably suitable and could be used with reasonable safety if the workman used ordinary care. Jones v. Granite, supra; Payne v. Reese, 100 Pa. St. 301; Cagney v. Hannibal, 69 Mo. 416; Illinois v. Jones, 11 Ill. App. 324; Fosburg v. Phillips, supra; Gormully v. Olsen, 72 Ill. App. 32; Disano v. New England, 20 R. I. 452. It follows that newer inventions and more improved safeguards need not be adopted. Sweeney v. Berlin, supra; Wabash v. Webb, supra; Shadford v. Ann Arbor, 111 Mich. 390; Rooney v. Sewall, supra; Salters v. President, 3 Hun, 338; McGinnis v. Canada, 49 Mich. 466.

The verdict should have been set aside on the ground of excessive damages appearing to have been given under the influence of passion and prejudice. Gahagan v. Aermotor Co., 67 Minn. 252; Kennedy v. St. Paul City Ry. Co., 59 Minn. 45; Slette v. Great Northern Ry. Co., 53 Minn. 341.

*S. A. Anderson,* for respondent.

START, C. J.

This action was brought by the father, on behalf of his infant son (hereinafter designated as the plaintiff), to recover damages for personal injuries which the latter sustained by the alleged negligence of the defendant. There was a verdict for the plaintiff for $4,500, and the defendant made a motion for judgment notwithstanding the verdict, or, in case that was denied, for a new trial. The trial court made its order denying the motion for judgment, but granting the motion for a new trial unless the plaintiff consented to a reduction of the verdict to $3,500. He so consented, and the defendant appealed from the order.

The plaintiff is a young man,—twenty years old. He commenced working for the defendant on September 27, 1899. From this date to October 15, 1899, he operated a rip saw; occasionally running

the planing and jointing machines. On the day last named he was sent to another part or floor of the defendant's manufactory, and set to work, under another foreman, upon a crosscut-saw machine, sawing blocks of wood, and was injured some three days thereafter by his hand coming in contact with the saw. The defendant urges on this appeal four general grounds or reasons why the order should be reversed. They are that there was no sufficient evidence of negligence on the part of the defendant to sustain the verdict; that it conclusively appears that the plaintiff assumed the risks of using the machine, and was guilty of contributory negligence; that the trial court erred in its instructions to the jury; and, lastly, that the damages, as reduced, are still excessive.

1. Was the evidence sufficient to sustain the finding of the jury that the defendant was guilty of negligence in furnishing the plaintiff an unsafe machine with which to work? We answer the question in the affirmative.

The machine in question consisted of a stationary circular saw, set in a table, which, when in use, revolved towards the operator at the rate of some three thousand times a minute. There was a slide, some five feet long and two and one-half feet wide, made of 2 by 4 pieces of pine, which moved back and forth on beveled rails or runners. One of these rails was placed at the further end of the slide from the saw, and the other eighteen inches from the saw. Between the underside of the slide next to the saw and the top of the table there was a space of about one-half of an inch, leaving eighteen inches in length of the slide next to the saw unsupported. The method of operating the machine is this: When the board or timber to be cut is placed in position on the slide, the operator standing to the right of the saw holds the board in place with his hands, and pushes the slide forward with his hip or side, bringing the board against the saw.

The evidence on the part of the plaintiff tends to show that on the third day after he had commenced to work on this machine he was sawing, in the usual manner, blocks three and one-half inches long from short pieces about five inches in length, when the slide suddenly jumped from its bearings on the rails and knocked his left hand into the saw, whereby his index finger was cut off, and

his thumb and second finger injured; and, further, that when any material downward pressure was applied to the left or unsupported end of the slide the right or further end would be lifted from its rail so that the slide would swing around when the saw struck the board held by the operator, exposing him to the danger of his hand being caught in the saw, and that this was the way the plaintiff was injured.

If this machine was defective and unsafe because the end of the slide next to the saw was left unsupported, the evidence is sufficient to justify the jury in finding that the defendant did not use ordinary care in furnishing the plaintiff with a reasonably safe machine with which to work. The defect, if any, was patent, for the slide was simply a light, open frame. No claim is or can be made that there was any practical necessity for leaving the end of the slide next to the saw unsupported. The rail upon which it moved could have been placed at the end of the slide, instead of eighteen inches therefom, thereby leaving a lever of that length with which to lift the other end of the slide from its bearings in case the operator inadvertently or otherwise pressed upon the lever while holding the board in place. The machine itself was received in evidence on the trial, and was exhibited on the argument of the case in this court. Counsel insist, with a degree of earnestness and positiveness calculated to beget confidence, and with undoubted candor, that the evidence fails to show that this machine was not a reasonably safe one. It must be conceded that the great preponderance of the expert evidence supports this claim. But the machine was in evidence. It was not a complicated one, and expert evidence was not necessary to enable the jury to determine whether the slide was a reasonably safe one upon which to hold with the hand pieces of timber five inches in length, and shove them to a saw making three thousand revolutions a minute.

Upon the whole evidence we are of the opinion that the verdict as to this first point is sustained by the evidence.

2. The verdict on the question of the assumption by the plaintiff of the risks incident to the use of the machine is much less satisfactory. In this respect this is a border case. The plaintiff was a young man (twenty years old) of at least average intelligence,

and of some experience in the use of machinery, as his testimony indicates, and he must be held to have had notice of the defect in this machine; for it was, as we have stated, patent. This, however, is not alone sufficient to charge him with the assumption of the risks of using the machine; for the evidence must go further, and show that he not only knew the defects, but also that he knew, or ought to have known, the dangers and risks incident to its use in its defective condition. Wuotilla v. Duluth Lumber Co., 37 Minn. 153. After a careful consideration of all of the evidence on the question whether the plaintiff knew, or ought to have known, the risks incident to the use of this machine, we have reached the conclusion that it is not conclusive in favor of the defendant, and that it fairly sustains the verdict in this respect. Intimately connected with this question of the assumption of risks is the claim that the plaintiff was guilty of contributory negligence. This was also a question of fact for the jury, under the evidence.

3. The trial court instructed the jury in reference to the duty of the master to furnish safe machines as follows:

"The inquiry is, in every case, has the master used reasonable care under the circumstances of the particular case? And I have already said that the duty resting upon the master is not absolute. I also say that he is not absolutely bound to buy and put in his shop the very latest piece of machinery,—the most modern appliances; but he is bound to have a due regard to the state of the art of the manufactures, in purchasing his machinery and tools. *And, if there are in general use tools and machinery that are safer and better than those that he is using, why, you would be justified in finding that if he did not provide the safer machinery that was in general use, but used machinery that was not safe,—not reasonably safe,—you would be justified in finding that he did not use reasonable, ordinary care, under the circumstances.*"

The defendant excepted to the part of this instruction we have italicized, and assigns the giving of it as error, for the reason that it is, in substance, the equivalent of an instruction that it was the duty of the master, in providing reasonably safe machinery, to furnish that which was safer and better, if such was in general use. If the trial court in effect so instructed the jury, it was manifestly error; for the rule is that an employer is not bound to furnish for his workman the safest and best appliances and machinery in gen-

eral use. It is sufficient if his own be reasonably safe. Wood, M. & S. § 331; 1 Bailey, M. & S. § 57.

But we are of the opinion that the fair import of the instruction is not what the defendant claims. The charge on this question, taken as a whole, was to the effect that the duty of the master to furnish safe machinery for the use of his workmen was not an absolute one; that he was not bound to use the latest and best machinery, but, if his own machinery was in fact not reasonably safe, and there was safer machinery in general use, and he did not provide the safer machinery, but used the unsafe machinery, the jury would be justified in finding that he did not use ordinary care under the circumstances. This was a correct statement of the law. If counsel was of the opinion that the instruction was indefinite, and that from it the jury might understand that it was the duty of the master to furnish the safest and best machinery for the use of his employees, his remedy was to ask the court to make the instruction more definite.

4. The last question to be considered is whether the award of damages, as reduced by the assent of the plaintiff, is excessive. That the assessment of the damages by the jury at $4,500 was so excessive and unreasonable as to call for the exercise of the corrective power of the trial court by granting a new trial, either absolutely or conditionally, is obvious from a mere statement of the plaintiff's injuries; but the question for our decision is whether the trial court ought not to have required a greater reduction in the award of damages, as a condition of denying a new trial.

There is no substantial conflict in the evidence as to the nature and permanency of the plaintiff's injuries. The whole of his first or index finger on the left hand is gone, and the first and second joints of the second finger were injured permanently, so that "he will never have the use of that finger at all, except to push it down." The first and second joints of his thumb were so injured that motion is considerably limited in the first joint, and partially so in the second joint. The expert evidence is to the effect that the thumb will probably get somewhat better; that the plaintiff will probably have pretty good use of it after using it for a year or two. The question is not for what sum of money a person would be will-

ing to submit to such injuries, but what sum of money will reasonably compensate the plaintiff, so far as money can compensate him, for his injuries, in view of his age, his earning capacity before and after his injury, the disfigurement of his person, and the pain he has suffered. We are not disposed to underestimate the seriousness of his injuries, but the evidence constrains us to the conclusion that any award of damages in excess of $2,500 would be so excessive as to require the granting of a new trial, at least conditionally.

Ordered, therefore, that a new trial of this action be granted unless the plaintiff within twenty days next after the filing of the remittitur in the district court files therein his consent to a reduction of the verdict to $2,500, and interest from the date of trial, in which case judgment will be entered therein for the amount of the verdict as thus reduced.

LEWIS, J. (dissenting).

I am satisfied that the charge referred to was erroneous. It conveyed to the jury the idea that it was the duty of defendant to furnish the safer and better machinery if such were in general use. Even if construed as in the opinion, I have grave doubt as to its being a correct statement of the law. The charge contains the element of ordinary care on part of the master in furnishing the machinery, and also the proposition that the machinery must be reasonably safe. In determining the truth of either one of these propositions, the jury might take into account the fact that better and safer machinery was in general use, but it is simply an additional element to be considered. To be consistent with the charge as explained in the opinion, the jury would have to determine whether the machinery was reasonably safe, and, if they found it to be unsafe, then find whether there were in use better and safer machinery; and, if they found that to be the case, then the conclusion follows that the master did not use ordinary care. I do not think such a conclusion necessarily follows. But, if the explanation as given by the court be a correct statement of the law, the charge, as given, was uncertain and indefinite to such a degree that the jury must have been misled by it. While it is the duty of

counsel to call the attention of the court to the use of language which might be misunderstood by the jury, this requirement has its limitations; and where the charge is so misleading as will, in all probability, convey to the jury the wrong theory of the law, it amounts to error. In my opinion, the rule stated has no reasonable application in this instance, and a new trial, for that reason, should be granted.

I am authorized to say that Justice COLLINS concurs in the views herein expressed.