MORRIS MONSEN v. F. I. CRANE and Others.[1]

August 10, 1906.

Nos. 14,610—(10).

**Reasonably Safe Appliances.**
An employer is not bound to furnish for his workmen the safest and best appliances and machinery in general use. It is sufficient if he furnishes that which is reasonably safe.

**Question for Jury.**
It is for the jury to determine whether the particular instrumentality is or is not reasonably safe, and to aid them in determining this fact they may consider whether there are well-known devices in general use which, if adopted, would have reduced the danger to the employee.

**Erroneous Instruction to Jury.**
It was error to instruct the jury that, if a certain described condition existed in a machine, the defendant was negligent as a matter of law, if such condition could have been remedied by the adoption of devices or apparatus or improvements which were recognized as proper improvements on such a machine.

Action in the district court for Freeborn county to recover $4,000 for personal injuries. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $800. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed and new trial granted.

*H. C. Carlson* and *Shepherd & Catherwood*, for appellants.
*Morgan & Meighen* and *Lovely & Dunn*, for respondent.

[1] Reported in 108 N. W. 933.

ELLIOTT, J.

Appeal from an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial.

The appellants were partners engaged in the retail lumber and fuel business. In April, 1904, they employed the respondent and put him to work at hauling fuel and doing general work about the yard. The appellants having determined to begin sawing wood for their customers, arranged with a Mr. Hauge for the privilege of using temporarily his circular saw while their own was being installed. For about three weeks the respondent used or helped to use this saw. On November 11, 1904, he was injured, and brought this action to recover damages, because, as he alleges in his complaint, his employers,

> Disregarding their duties in the premises negligently, carelessly, and wrongfully failed and neglected to furnish a safe sawing machine or safe machinery and appliances for the doing of said work, and negligently, recklessly, and wrongfully failed to provide proper guards, or any guards whatever, over the knives and teeth of said saw, or to cover said saw, or to guard it in any way; that said machine so furnished and designated by them, and which defendants so ordered and directed to be used by plaintiff for the purpose of sawing said cordwood, was defective, highly dangerous, and unsafe, in that the carriage of said machine was not properly weighted and was not properly secured or fastened, but would slip, slide, and jump from the rails, track, and groove upon which it ran, etc.

The appellants have made numerous assignments of error, but it will not be necessary to consider all of them, as a new trial must be granted because of erroneous instructions. The court instructed the jury that:

> If this carriage was out of repair in respect to its traveling upon the track; if it was in such a condition as to be liable to jump the track, either by means of the saw itself; if a stick of wood, when being sawed, should get bound, or in any other respect interfere with the operation; if it was liable to get off the track and thereby cause an injury because of the condition in which it was, and that liability to get off the track be-

cause of such condition could have been remedied by devices or apparatus or by improvements which are recognized as proper improvements upon such instrumentalities, then that condition would be a negligent condition; and if that negligent condition caused or solely contributed to the injury and the injury resulted therefrom—the master would be liable to the servant for the consequences of such injury.

The jury were thus instructed that, if a certain described condition existed, the defendants were negligent as a matter of law, if such condition could have been remedied by devices or apparatus or by improvements, which are recognized as proper improvements upon such instrumentalities. The jury was not permitted to determine whether the apparatus in its existing condition was, or was not, reasonably safe.

An employer is not, as a matter of law, negligent if he fails to adopt every device or apparatus which is recognized as a proper improvement upon his machine. It is for the jury to determine whether the particular instrumentality, in the condition in which the evidence shows it to be, is or is not reasonably safe, and to aid them in determining this fact they have the right to consider whether there are well-known devices in general use which, if adopted, would have reduced the danger to the employee. The question is not whether the employer could have done something to prevent the injury, but whether he did something which, under the circumstances in the exercise of ordinary care and prudence, he ought not to have done, or omitted any precaution which a prudent and careful man would, or ought to have taken. It is not the employer's duty to furnish any particular kind of tools, implements, or appliances. Failure to conform with common usage is not negligence as a matter of law; it is merely evidence to be considered by the jury. He is not required to provide machinery similar to that used in other establishments although it may be less dangerous than that used by him. Whether that which is furnished by him is reasonably safe is to be determined by its actual condition and not conclusively by comparing it with other machines used by others for similar work. Wood v. Heiges, 83 Md. 257, 34

Atl. 872; Bohn v. Chicago, 106 Mo. 429, 17 S. W. 580; Labatt, M. & S., § 35; Bailey, M. & S., § 57.

In Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483, it is said that the test is not whether the master omitted to do something he could have done, but whether in selecting tools and machinery for the use of his servants he was reasonably prudent and careful, not whether better machinery might have been obtained, but whether that provided was in fact adequate and proper for the use to which it was to be applied. In Stiller v. Bohn Mnfg. Co., 80 Minn. 1, 6, 82 N. W. 981, in considering certain instructions given by the trial court, this court said: "The defendant excepted to the part of this instruction we have italicised, and assigns the giving of it as error for the reason that it is in substance the equivalent of an instruction that it was the duty of the master in furnishing reasonably safe machinery to furnish that which was safer and better if such was in general use. If the trial court in effect so instructed the jury it was manifestly error; for the rule is that an employer is not bound to furnish for his workman the safest and best appliances and machinery in general use. It is sufficient if his own be reasonably safe."

It was for the jury to determine from the evidence whether the defendants had furnished plaintiff with a reasonably safe machine. That there was a defect in the machine may have justified the jury in finding that the defendants had failed in their duty but the fact that there was some recognized device in general use the adoption of which would have reduced the danger did not, as a matter of law, in the absence of a statute to the contrary, make the defendant guilty of negligence. It was for the jury to say whether, under all the circumstances, the defendants were negligent in failing to use proper care to furnish the employee with a reasonably safe machine with which to do his work.

The charge also contains some other erroneous statements; but, as they are manifestly the result of inadvertence, it is not necessary to refer to them specifically.

The order appealed from is reversed and a new trial granted.