AUGUST SAMUELSON v. HENNEPIN PAPER COMPANY.[1]

July 5, 1907.

Nos. 15,165—(128).

**Injuries to Servant—Evidence.**

Action to recover for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in failing to furnish him a safe place in which to discharge his duties as an employee of the defendant. *Held,* that the verdict for the plaintiff is sustained by the evidence and that the record discloses no reversible errors.

Action in the district court for Morrison county to recover $10,800 for personal injuries. The case was tried before Baxter, J., and a jury, which rendered a verdict in favor of plaintiff for $3,300. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Stewart & Brower,* for appellant.

*Nels N. Bergheim* and *Arthur P. Blanchard,* for respondent.

START, C. J.

This is an action to recover damages alleged to have been sustained on May 8, 1905, by the plaintiff, an employee of the defendant, in its paper mill at Little Falls, by reason of its negligence in not furnishing him with a safe place on which to stand while putting the belts on the pulleys by which the machinery in the beater room of the mill was driven. Plaintiff had a verdict for $3,300, and the defendant appealed from the order of the district court of the county of Morrison denying its motion for judgment in its favor or for a new trial.

The defendant's contention is that the evidence is not sufficient to justify a finding by the jury that the defendant was negligent as alleged.

The evidence, taking the most favorable view of it for the plaintiff, tends to show that he was an experienced workman, and had been employed in the defendant's mill for some years as foreman of the beater room, which consisted of two floors, on the upper floor of which the

[1] Reported in 112 N. W. 537.

tanks were located, and the machinery in the basement or lower floor; that it was the plaintiff's duty to see that the proper amount of sulphide and coloring matter were added to the pulp and keep it moving, to see that sufficient material was furnished to keep the machinery going, to see that the belts were kept on the pulleys whereby the machinery on the upper floor was propelled, and to see that the belts were kept in good repair, but he had nothing to do with anything else about the mill or its machinery or instrumentalities, nor had he anything to do on the lower floor, except to go there for the purpose of putting on the belts which operated the machinery on the upper floor; that to put on the belts it was necessary for him to go on the lower floor and stand on a plank forty inches long which bridged a space between a walk or runway, on which one end of the plank rested, and a water pipe, twelve inches higher than the walk, on which the other end of the plank rested; that beneath the plank was a pit about seven and one half feet deep in which there was machinery in motion; that for three or four years before the accident the plank always had been kept in the same position and used by the plaintiff as a place to stand on while adjusting the belts on the pulleys, that being the only practical way for the plaintiff to do, although a taller man could put on the belts without using the plank; that the plank appeared to be fastened at its lower end, and the plaintiff believed that it was, but in fact it was not, as the plaintiff learned for the first time after the accident; that on the day named, and while the plaintiff was standing on the plank and in the act of putting the belt onto the pulley, the plank gave way, slipped from under his feet, and to save himself from falling into the pit he caught the line shaft with his left hand, which was caught in the belt and twisted around the pulley, and his body swung against the timbers above the shaft, where he was held until the mill was shut down and he was released, whereby his arm was broken in several places and permanently crippled, some of his teeth knocked out, and he was otherwise seriously injured; and, further, that the plank slipped because the plank was not fastened at its lower end, which was the proximate cause of the plaintiff's injury.

We are of the opinion that the jury might fairly draw from these evidentiary facts the ultimate inference of fact that the defendant failed to exercise ordinary care in furnishing the plaintiff a safe place for

putting on the belts. The defendant, however, urges in this connection that there is no evidence to show that it, or anybody with its knowledge, placed the plank where it was used by the plaintiff, or authorized its use, or knew of its existence, or that there was any necessity for the plaintiff to stand upon the plank. The jury might well have inferred from the evidence that the plank was put where it was for the purpose for which it was used for some years, and that the defendant, if it had exercised ordinary care to provide the plaintiff a safe place for the execution of the work he was required to do, might have learned all about the plank, the purpose for which it was used, and the necessity of fastening it, so as to prevent it from slipping and causing injury to persons using it.

Again, it is urged that the plaintiff assumed the risk of using the plank, for the reason that a slight examination would have disclosed the fact that it was not fastened. This and the question of the plaintiff's contributory negligence, under the evidence, were questions of fact for the jury. We hold that the defendant was not entitled to an instructed verdict, and that its motion for judgment notwithstanding the verdict was correctly denied by the trial court.

The defendant further claims that it is entitled to a new trial for the reason that the trial court erred in its rulings as to the admission of evidence, and in its instructions to the jury, and in its refusal to give certain requested instructions. The rulings as to the admission of evidence were so clearly not prejudicial, even if not technically correct, that it is unnecessary to discuss them.

The defendant's requested instructions, which are assigned as error, except one, were to the effect that there was no evidence to justify the jury in finding that the defendant was negligent. The requests were rightfully refused, because, as we hold, there was evidence tending to establish the defendant's negligence. The other request was a correct abstract statement of the law as to the duty of the master in furnishing safe machinery. It was properly refused for the reason that the court correctly instructed the jury as to the law applicable to the particular questions to be determined by the jury.

We find no reversible errors in the instructions of the court to the jury which are here complained of. The charge, taken as a whole, was fair to the defendant, and we deem it unnecessary to discuss it, except

as to one instruction, which was to the effect that the jury, if they found for the plaintiff, might include in the award of damages his doctor's bill. The evidence shows that the plaintiff was treated by a physician and surgeon, and the plaintiff testified that his bill was $150; but on his cross-examination he testified that he did not engage the doctor, but that the defendant called him. No exception was taken to this instruction at the trial, or claim made that the defendant, and not the plaintiff, was liable for the doctor's bill. The defendant kept silent, and after a verdict against it the giving of the instruction was first excepted to on a motion for a new trial, and is here assigned as error. The alleged error falls within the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and the defendant cannot here urge it.

Order affirmed.