ALBIN E. RUDQUIST v. EMPIRE LUMBER COMPANY.[1]

June 26, 1908.

Nos. 15,601—(134).

**Negligence—Verdict Sustained by Evidence.**

The evidence is sufficient to sustain the finding of the jury that appellant was negligent in furnishing a defective locomotive engine, that it was the proximate cause of respondent's injuries, and that respondent was not guilty of contributory negligence, and did not assume the risks incurred in operating as a brakeman between the engine and a car loaded with logs.

**Conflict of Orders to Servant.**

Where an employee is subject to the general orders of a general manager or superintendent of the master, and also subject to the direction of an immediate superior, he is not necessarily required to disobey the orders of the latter, even though in conflict with the general orders of the former. In this case, if apparently conflicting orders were given by the superintendent and respondent's immediate superior, the same were proper for the consideration of the jury, in determining whether respondent was guilty of contributory negligence and assumed the risks of his work.

**Master's Duty to Furnish Safe Appliances.**

An employer is required to exercise ordinary care to furnish his employees with safe appliances, and an instruction to that effect was equivalent to an instruction that it was the master's duty to use ordinary care in furnishing instrumentalities which were reasonably safe.

Action in the district court for Winona county to recover $10,000 for personal injuries sustained by plaintiff while in the employ of defendant as brakeman on its railway. The case was tried before Snow, J., and a jury which returned a verdict for plaintiff for $2,000. From an order denying its motion for a new trial, defendant appealed. Affirmed.

The complaint alleged that defendant operated a railway as a common carrier of both freight and passengers for hire. The answer denied this allegation and alleged that defendant operated in Wisconsin a private logging railway used solely by it in hauling logs to the St.

[1] Reported in 116 N. W. 1019.

Croix river in connection with its business in the manufacture of lumber, and had no power of eminent domain under the laws of that state. The answer alleged in terms section 1816 of the Wisconsin statutes of 1898, as amended by Laws 1903, c. 448, and averred that the supreme court of Wisconsin in the case of McKivergan v. Alexander & Edgar Lumber Company, (124 Wisconsin, 60) decided that the statute did not apply to private logging railways.

*Webber & Lees,* and *H. D. Bailey,* for appellant.

*Larrabee & Davies,* for respondent.

LEWIS, J.

Respondent was injured while employed as a brakeman on appellant's logging railway, located and operated in Wisconsin. The complaint alleges that respondent was ordered to go between the engine and a car loaded with logs and place a pole against the end of a log extending over the car, so that it might be pushed into proper position on the car by backing the engine against the pole; that the conductor signaled the engineer at the proper time to stop the engine, but that the engineer negligently failed to obey the order and respondent was caught between the engine and logs, and injured. The complaint also charges that the engine was out of order and did not operate properly, which condition was caused by the negligence of appellant. Respondent recovered a verdict.

1. At the trial, counsel for respondent announced, in open court, that he withdrew all charges of negligence against appellant, except that the engine was defective, that appellant was negligent in permitting it to be in that condition, and that such condition was the cause of the accident. Whether appellant was liable on account of the defective condition of the engine, and whether respondent was guilty of contributory negligence, or assumed the risks, were the questions of fact submitted and tried; and we consider the evidence sufficient to sustain the verdict.

That the engine was defective, and had negligently been permitted to get into that condition, is not open to any serious dispute. That the engineer and conductor were not at fault, and that respondent was guilty of contributory negligence in going in between the engine and the car of logs, and assumed the risk of so doing, were questions of

fact for the jury. There was a conflict of testimony as to the general rules and practice in coupling cars on such occasions. Respondent testified that he had never heard of any rule, but had been told by the superintendent to take a stick, or whatever was used on the engine, and punt the logs back, when it would not interfere with the engine, and that on this occasion the conductor had told him to take the long drawbar and use it for the purpose of pushing the logs back. While it was no doubt dangerous to go between the engine and the car of logs and attempt to hold the drawbar against the end of the logs while the engine backed down on it and so pushed back the logs, yet if the engine was in proper condition, and if the conductor gave the proper signals to stop at the right time, and the engineer obeyed such signals, the danger of being caught was not so apparent as to throw the responsibility on the brakeman. The risk which respondent assumed was the failure of the conductor to give the proper signal, and, if given, the failure of the engineer to obey it and to properly handle the engine. To that extent, under the Wisconsin law, the risk was assumed by respondent; but he was not required to assume the dangers resulting from a defective engine. On the contrary, he had a right to rely upon the rule that the master had used ordinary care in furnishing and maintaining a reasonably safe engine.

2. The court carefully instructed the jury that, so far as appellant's negligence was concerned, it was limited to the one question: Was the engine out of order, and was appellant liable therefor? Upon the question of contributory negligence, the court instructed the jury that if they should find that, in attempting to push the logs back in the manner stated, respondent was following the orders of his immediate superior, the conductor, then he would not be chargeable with negligence merely because such action on his part was in violation of previous orders by the superintendent to the contrary. Exception was taken to this instruction upon the ground that respondent was bound by whatever orders were issued by the superintendent, and, under the circumstances, that he was required to disregard orders to the contrary from the conductor. We are satisfied that the position of appellant in this respect cannot be sustained. Conceding that the brakeman was subject to the general rules and orders issued by the general manager or superintendent, yet if at a subsequent time, on special occasion, he

was directed by the conductor to do a specific thing, which was done, in our opinion he was justified in obeying the order of the conductor, unless the dangers were so apparent that he went into that position with his eyes open. It does not conclusively appear that the danger was so apparent that respondent must be held to have assumed the risk, notwithstanding he was under orders from the conductor.

3. "It was the duty of the defendant to exercise ordinary care to furnish plaintiff with safe appliances and instrumentalities with which to do his work, and to keep them in a safe condition." This statement in the court's instructions was excepted to upon the ground that the term "reasonably safe" should have been used. We are referred to Monsen v. Crane, 99 Minn. 186, 108 N. W. 933, as authority for the proper rule. In that case, however, the trial court omitted to state that it was the duty of the master to use ordinary care in furnishing appliances, and the instruction amounted to a positive direction that it was an absolute duty of the master to furnish safe appliances. In the other case referred to (Stiller v. Bohn Mnfg. Co., 80 Minn. 1, 82 N. W. 981), it was said that it was the duty of the master to furnish instrumentalities which were "reasonably safe." As stated by the learned trial court, no absolute formula for the rule has been adopted by the courts, and the identical phraseology used in this case is found in the opinion of Samuelson v. Hennepin Paper Co., 101 Minn. 443, 112 N. W. 537, where it was said: "And that the defendant, if it had exercised ordinary care to provide the plaintiff a safe place for the execution of the work he was required to do, might have learned all about the plank," etc. In Jacobson v. Johnson, 87 Minn. 185, 91 N. W. 465, the court stated the rule as follows: "It is but a repetition of the usual legal rule of duty imposed upon the employer, so often stated by this and other courts, to say that he must use reasonable care to provide safe appliances to those engaged in his service." To furnish instrumentalities reasonably safe implies that the master is required to exercise ordinary care in their selection, and if he has done this he has complied with that degree of care which the law requires. "Reasonable care" is equivalent to ordinary care.

4. Appellant requested the court to instruct the jury as follows: "The defendant is not answerable for any injuries which Rudquist may have sustained because of the negligence, if any there was, of the

conductor, Johnson, in giving him orders as to what he should do or how he should perform his duties at the time he was injured." Counsel for respondent stated to the court that he also thought the instruction proper as bearing upon the question of contributory negligence, and said he was willing to have'the court charge the jury that respondent company could not win on the question of Johnson's negligence. The trial judge declined to give the instruction, but remarked in the presence of the jury that he could not stultify himself by giving an instruction which he thought ought not to be given, and that the jury might regard it as an admission of plaintiff, but not as an instruction of the court. The refusal to give the instruction, and the remarks of the court, are assigned as error.

If the request was intended to refer to any other question than that of contributory negligence, it was properly refused upon the ground already covered in this opinion. Respondent rested his case upon the negligence of appellant in maintaining a defective engine, and waived all other grounds of negligence. The court had already instructed the jury that upon the question of contributory negligence they might take into consideration the fact that the conductor ordered respondent to go in between the cars, in case they should find any such order was given. Although the court might well have acceded to the request of respondent's attorney and given the request, yet we find no reason for the assumption that the jury was misled or prejudiced by the refusal so to do, or by the remarks of the court in that connection.

The other assignments have been considered, and we find no errors. Affirmed.