JOHN POCZERWINSKI v. C. A. SMITH LUMBER COMPANY.[1]

August 7, 1908.

Nos. 15,682—(187).

**Evidence—Negligence.**

In a personal injury action, it is *held* that the evidence fairly tended to sustain the charge of negligence as alleged in the complaint and that the verdict is sustained by the evidence.

**Protection of Machinery—Evidence.**

The question being as to whether a certain saw was properly protected, evidence that another saw of similar character, but different size, situated in the same mill, was differently and more securely protected by a different kind of covering, is admissible.

**Instructions to Jury.**

Certain rulings and instructions considered, and *held* not prejudicial to the appellant.

Action in the district court for Hennepin county to recover $25,-300 for personal injuries. The case was tried before John Day Smith, J., and a jury which rendered a verdict in favor of plaintiff for $4,620. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.
*Dodge & Tautges* and *H. E. Fryberger,* for respondent.

[1] Reported in 117 N. W. 486.

ELLIOTT, J.

The respondent was injured while in the employ of the defendant, and recovered a verdict for $4,620. The appeal is from an order denying a motion for judgment or for a new trial.

The respondent was about twenty one years of age, had been in this country one year, understood but little English, and had never before worked about machinery. He was injured while working at a resawing machine which recut slabs which were fed into it by means of rollers. The saw (a band saw from twenty to thirty feet long and eight inches wide) was stretched over and revolved upon two wheels, each about five feet in diameter, and situated ten feet apart. Between these wheels was a conveyer, which contained the rollers which carried the slabs into and beyond the saw. The wheels were boxed, and on the side nearest the saw there were removable panels, which had to be taken out when the saws were changed. To operate the saw required a head sawyer and three assistants. The head sawyer and two assistants worked in front of the saw, and the other assistant, in this instance the respondent, worked at the back of the saw. His principal duty was to stand by the rollers and take therefrom the slabs which were large enough to be passed through the saw again. He also at times did other work under direction of the chief sawyer. On April 15, 1907, while engaged, as respondent claimed, in picking up pieces of wood from the floor, the box "burst," and one of the panels flew out, struck his leg, and inflicted the injuries for which he claims damages. But the appellant claimed that at the time of the injury the respondent was engaged in removing the panel while the saw was in motion, and that through his carelessness one end of the panel came in contact with the saw and threw it violently against him. It will thus be observed that there was a controversy between the parties as to the way in which the accident happened. The appellant contends that the respondent was allowed to recover upon a ground of negligence not alleged in the complaint.

1. After describing the machine, the plaintiff alleged in the complaint that the defendant negligently (a) ordered, caused, and permitted plaintiff to work in close proximity to dangerous machinery; (b) failed to furnish plaintiff with a safe place in which to perform his work; (c) failed to instruct plaintiff as to the dangers, perils, and

hazards of his employment; (d) failed to furnish a competent and skilful person to supervise and direct plaintiff as to his duties; and (e) knowingly furnished an incompetent, unskilful, and unfit superintendent. It was also alleged that the defendant negligently "placed over said band saw, as and for a guard for the same, an old, insecure, and improperly constructed box," and negligently and "wrongfully failed to maintain said box or keep the same in repair, and carelessly, negligently and wrongfully failed and neglected to properly inspect the same, or cause the same to be inspected, and at all times wrongfully allowed and permitted the same to become and remain weak, insecure, and defective, so that parts of said box, both the top and sides, while said saw was being used and slabs passing against, over, and through the same, were, by reason of said defects, and the action of said machinery and slabs, thrown from their places and hurled at great distances and with great force to different places in said room, where defendant's employees were engaged in the performance of their various duties, all of which facts were known to the defendant, but of which this plaintiff had no knowledge or notice."

It was further alleged that "by reason of the negligence, carelessness, and wrongful conduct of the defendant as aforesaid, a large portion of the side of said box over said band saw, extending the whole length thereof, was, by reason of its defective condition and the negligent, careless and wrongful manner in which it was maintained, and for want of inspection and repair, hurled with great force from said carriage, and that the same violently struck the plaintiff upon his right leg, breaking and crushing said right leg and right foot to such an extent as to render amputation of said limb necessary."

The court stated to the jury the charges of negligence as alleged in the complaint, and submitted the issues presented by the allegations of the incapacity of the sawyer, the duty to furnish a competent sawyer, the failure to furnish a reasonably safe place for the plaintiff to work, the failure to inspect the machinery and appliances and see that they were kept in reasonably safe condition, and the failure to properly instruct the plaintiff. The jury were also fully instructed as to the matter of contributory negligence and the assumption of risk.

2. The appellant concedes that the respondent was injured by being struck by the panel, but contends that the evidence shows that he was

injured at a time when the saw was being changed and by reason of his negligence in attempting to remove the panel while the wheel was still in motion. The defendant's evidence tended to show that the accident happened in this manner, but there was also direct evidence tending to sustain the allegation that the box was defective. There was evidence that the box vibrated; that the buttons on one end of the panels were loose, turned readily, and shook when the machine was in operation, and at times turned round, so as not to be against the panels at all; that the boards in the panels composing the box were old and in part rotten; that on three former occasions, once on the day before this accident, the cover and the two small panels of this box had been thrown out while the saw was in operation; and that after this accident the boards were scattered about the place where the respondent was lying. It is conceded that there was evidence tending to establish these facts; but the appellant seeks to destroy its effect by arguing that it is unreliable and refuted by the situation itself. It may be conceded that the appellant, by a skilful analysis of the evidence, has presented a strong argument in favor of his theory, and its value and force were for the jury to determine. It is, of course, true that a plaintiff in an action of this character must recover, if at all, by proving substantially the facts alleged in his complaint. Donahue v. Northwestern Tel. Exch. Co., 103 Minn. 432, 115 N. W. 279; Jemming v. Great Northern Ry. Co., 96 Minn. 302, 104 N. W. 1079, 1 L. R. A. (N. S.) 696; Morrow v. St. Paul City Ry. Co., 65 Minn. 382, 67 N. W. 1002.

Giving this rule full force and effect, we are, nevertheless, of the opinion that the court properly submitted the case to the jury. The plaintiff is not required to prove every detail as alleged. In this case it was alleged, in substance, that the plaintiff was injured by being struck by the flying panel, which was caused by the defective condition of the box. If this essential fact was proven, it was immaterial whether he was struck in any particular spot, or whether at the time he was engaged in picking up sticks, or was standing still and looking at the box. If he was holding the panel, and negligently allowed it to be caught in the saw or wheel, it would be important; but the jury disposed of this claim adversely to the appellant. The issues presented by the pleadings and the evidence seem to have been fully litigated, and

we find no reason for holding that the evidence was insufficient to sustain the verdict.

3. We have patiently considered all of the fifty one assignments of error without finding any substantial reason for reversing the order of the trial court. Assignments one to thirty one question the correctness of certain rulings in receiving evidence as to the condition of another resaw, known as "No. 1," which was situated in a different part of the mill. The evidence came into the case on the cross-examination of one of the defendant's witnesses. It appeared that saw No. 1 was larger, heavier, and longer than saw No. 2 (where this accident happened), and that it was protected in a different manner. At most, this evidence could but have suggested that saw No. 2 could have been protected in the same manner. We do not see why the evidence was not admissible. There was no prejudicial error in stating the allegations of negligence, as made in the complaint, to the jury, or in refusing to strike out a statement of a witness with reference to what counsel could do if he had suffered a similar injury. The answer of the witness was impertinent, and should have been stricken out of the record; but it could not, in the slightest degree, have affected the minds of the jurors to the prejudice of the defendant.

4. The court instructed the jury that it was the duty of the defendant to furnish its servants with a reasonably safe place to work, and error is assigned upon the failure to state that the defendant was only required to use ordinary care to furnish a reasonably safe place. No particular form of words is necessary in charging as to the duty of a master in this respect. The substance only is important. In the recent case of Rudquist v. Empire Lumber Co., 104 Minn. 505, 116 N. W. 1019, it was held that an instruction very similar to that now under consideration was not erroneous.

The other assignments of error do not require special consideration. They have all been examined, and determined adversely to the appellant. The question of assumption of risk was argued in the respondent's brief; but, as the question was not discussed by the appellant, it is not considered.

The order of the trial court is therefore affirmed.