## CHRIST OLSON v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 15, 1918.

No. 20,946.

**Master and servant — evidence insufficient to prove negligence.**

Fastening the ends of a chain together by a bolt and nut to make a link or loop by which to attach a trailer to a handcar does not give rise to an inference of negligence in the absence of evidence tending to show that this method of fastening them was not reasonably safe. Neither can negligence be predicated upon the failure to inspect the fastening on the day of the accident, it being a simple appliance and having been inspected several times prior thereto.

Action in the district court for Swift county to recover $15,000 for injuries received while in defendant's employ. The answer alleged contributory negligence on the part of plaintiff. The case was tried before Daly, J., and a jury which returned a verdict for $3,722. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $2,500. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial ordered.

[1]Reported in 169 N. W. 482.

*M. L. Countryman, A. L. Janes* and *James H. Hall,* for appellant.
*Tom Davis* and *Ernest Michel,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for personal injuries, and defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

The facts are simple and undisputed and the only question presented is whether they justify a finding that defendant was negligent.

1. Plaintiff was a sectionman. The crew of which he was a member had a handcar operated by a gasolene motor, and a "push-car" which was hauled behind the motor car as a trailer. A hook had been provided at the rear end of the motor car for use in attaching the trailer to it. To make a link or loop to insert in this hook, a piece of chain about two feet in length had been wrapped around the cross-timber of the trailer and the links at the two ends of the chain had been fastened together by passing a bolt through them and securing it in place by a nut or bur. When the cars were attached together by this chain, the space between them was less than a foot. The floor of the trailer was somewhat lower than the floor of the motor car. At the time of the accident, the crew had attached the trailer to the motor car by the chain and were proceeding toward Benson, some of them riding on the motor car and some on the trailer. Plaintiff was seated on the floor of the motor car at the rear end with his feet on the trailer. As they were running in the usual manner, the cars separated and plaintiff fell between them and was struck by the trailer and injured. Subsequent examination disclosed that the nut which held the bolt in place had come off and that the links of the chain had slipped off the bolt. Plantiff contends that defendant is chargeable with negligence in fastening the two ends of the chain together in the manner stated, but offered no evidence whatever to show that this was an improper way to fasten them. This same chain fastened in this same way had been used in this same manner for two summers without coming apart and without causing trouble of any sort. The question presented is whether the mere fact that the ends of the chain were fastened together in this manner is evidence from which negligence may be inferred without other or further evidence that this method of fastening them was unsafe. We are of opinion that it is not. Defendant was not required to adopt the best or

any particular method of fastening the ends of the chain together. It could use any means for fastening them which would accomplish the purpose and was reasonably safe. Monsen v. Crane, 99 Minn. 186, 108 N. W. 933. All sorts of appliances are held together or in place by bolts and nuts, and, if plaintiff claimed that the use of a bolt and nut in the present case was not reasonably safe, he ought to have presented evidence in support of his claim. The method adopted was not so unusual or so inherently dangerous that the mere fact of its adoption will justify a finding of negligence.

2. There is no evidence tending to show when the nut became loose nor what caused it to do so, but it is matter of common knowledge that such nuts do occasionally work loose.

Plaintiff called the section foreman for cross-examination and showed by him that he had made no inspection of the bolt on the day of the accident to see whether the nut had worked loose. This examination further disclosed that the foreman had taken out the old bolt and put in a new one about a month before the accident, and that he had inspected it several times between that date and the date of the accident to see if the nut had worked loose, and always found it properly in place. How much time had elapsed between the last inspection and the accident does not appear. Plaintiff contends that defendant is chargeable with negligence for failure to make an inspection on the day of the accident. If the nut had worked loose or come off before the cars were attached together for the trip in which the accident occurred, the defect was not a hidden or latent one, but one which was obvious to any person who examined the bolt. The appliance was a simple appliance and defendant was not bound to inspect it every time it was put in use to discover defects arising from its ordinary use. Koschman v. Ash, 98 Minn. 312, 108 N. W. 514, 116 Am. St. 373; Dessecker v. Phoenix Mills Co. 98 Minn. 439, 108 N. W. 516; Anderson v. Fred Johnson Co. 116 Minn. 56, 133 N. W. 85.

We are of opinion that negligence cannot be predicated upon the failure of the foreman to make other or further inspection than that shown. Under the rules governing this court, this is not a case for judgment notwithstanding the verdict, but the order appealed from is reversed and a new trial is granted.